# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-40332
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ENRIQUE LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-34-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Lopez violated the conditions of his term of supervised release, imposed on him by the district court for the Southern District of Mississippi in 2003, by returning to the United States illegally. After it executed an acceptance of a transfer of jurisdiction pursuant to 18 U.S.C. § 3605, the district court for the Southern District of Texas revoked Lopez's term of supervised release and sentenced him to serve 24 months in prison, with that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term to run consecutively to his new illegal reentry sentence of 41 months of imprisonment.

Lopez appeals the revocation of his supervised release. He contends that the district court lacked jurisdiction over him because the order transferring jurisdiction had not been signed by a judge of the Southern District of Mississippi, the transferring court. At no time during the district court proceedings did Lopez dispute the authenticity of the transfer document or object to having the revocation action heard in Texas or otherwise challenge the revocation proceedings.

We ordered a limited remand to the district court for the purpose of taking such further action as needed to determine whether clerical error was the reason for the transfer order's omission of the signature of the judge of the transferring court. See FED. R. CRIM. P. 36 (a district court may "correct an error in the record arising from oversight or omission" at any time). Based on documentation produced by the transferring court and entered into evidence without objection, the district court determined that the transferring court had electronically signed the transfer order prior to any action being taken on the motion to revoke. Consequently, the district court had jurisdiction to revoke Lopez's term of supervised release.

AFFIRMED.